UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH ANTHONY REYNA, et al.,

Plaintiffs,

v.

23ANDME, INC., et al.,

Defendants.

Case No. 26-cv-00464-EMC

**ORDER RE TRANSFER**

Previously, the Court dismissed without prejudice all claims asserted by Plaintiff C.R.  The Court also granted Plaintiff Joseph Anthony Reyna's motion to proceed in forma pauperis but stayed its § 1915(e) review because 23andMe was in bankruptcy proceedings.  *See* Docket No. 23 (order).  The bankruptcy proceedings are being conducted in the Eastern District of Missouri (*e.g.*, Bankruptcy Case Nos. 25-40976, 25-40977).

The Court now, *sua sponte*, orders that the instant case be transferred to the Eastern District of Missouri so that it may then be referred to the bankruptcy court in that District.  *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."); *id.* § 157(a) ("Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.").[1]  *See, e.g.*, *Overland Direct, Inc. v. Aframian*, No. 2:22-cv-05510-AB-

---

[1] The bankruptcy court has personal jurisdiction over 23andMe given that it "consented to the equitable jurisdiction of the bankruptcy court by voluntarily filing a bankruptcy petition." *In re*

PD, 2023 U.S. Dist. LEXIS 39172, at *15 (C.D. Cal. Mar. 7, 2023) ("[G]iven that the bankruptcy courts have exclusive jurisdiction over all property of the Homesite Estate and that this case violates the automatic stay, it follows that the interests of justice and the convenience of the parties are best served by transferring this case to the United States District Court for the Southern District of California, for referral to that court's Bankruptcy Court.").

Accordingly, the Court directs the Clerk of the Court to transfer this case to the Eastern District of Missouri in accordance with this order and then administratively close the file in this District.

**IT IS SO ORDERED**.

Dated: March 11, 2026

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

---

*Malek*, 591 B.R. 420, 426 (N.D. Cal. Bankr. Ct. 2018); *see also SEC v. Ross*, 504 F.3d 1130, 1149 (9th Cir. 2007) ("In general, we have held that a party has consented to personal jurisdiction when the party took some kind of affirmative act – accepting a forum selection clause, submitting a claim, filing an action – that fairly invited the court to resolve the dispute between the parties."); *Dow Chem. Co. v. Calderon*, 422 F.3d 827, 834 (9th Cir. 2005) ("[T]here is nothing unfair, or violative of due process, about requiring a party that has affirmatively sought the aid of our courts with regard to a particular transaction to submit to jurisdiction in the same forum as a defendant with regard to the same transaction with the same party.").